Dear Mr. Armetta:
You have requested an opinion of this office concerning the interpretation of several statutes dealing with sick leave provisions concerning teachers and other school board employees. Specifically, you ask the following questions:
 (1) Is Attorney General Opinion Number 90-188, dated May 4, 1990, still in effect?
(2) Define on approved leave as mentioned in LSA-R.S. 17:500.2.
 (3) A school bus operator as defined in LSA-R.S. 17:491 becomes injured on the job not as a result of physical contact with a student as defined in LSA-R.S. 17:1206.1 (B), draws lost wage worker's compensation benefits and has exhausted all accumulated sick leave from the school board. In reference to LSA-R.S. 17:500.2, what amount may be deducted from the operator's salary while absent for such injury?
 (4) A member of the teaching staff as defined in LSA-R.S. 17:1200 becomes injured on the job not as a result of physical contact as defined in LSA-R.S. 17:1201C(1)(b), draws lost wage worker's compensation benefits and has exhausted all accumulated sick leave benefits from the school board. In reference to LSA-R.S. 17:1202, what amount may be deducted from said employee's salary while absent for such injury?
 (5) An employee of a school board who has unused accrued sick leave resigns from employment but retires at a later date upon reaching eligibility at the age of 60. Is the school board obligated to pay for the unused accrued sick leave as mentioned in LSA-R.S. 17:425 and LSA-R.S. 17:1201(B)? If so, when should such payment become an obligation of the board? Reference is made to Attorney General Opinion Number 87-634, February 10, 1988 and Opinion Number 90-486A, April 2, 1991.
In regard to your first inquiry, Attorney General Opinion Number 90-188 has not been withdrawn and, therefore, is still the opinion of this office. Opinion Number 90-188 concerned whether school board "employees", as defined by LSA-R.S.17:1205, are entitled to collect both sick leave benefits and worker's compensation benefits, and if so, are they limited to the collection of combined benefits only up to an amount equal to their regular salary, as are teachers under LSA-R.S. 17:1201D.
The writer of that opinion, Mr. Yeager, stated that the restriction on the collection of combined worker's compensation benefits and sick leave benefits, which is imposed on teachers under LSA-R.S. 17:1201, does not apply to employees under LSA-R.S. 17:1205. These statutes remain unchanged in this respect and, thus, Opinion Number 90-188 is hereby affirmed.
Your second inquiry requires an interpretation of the phrase "on approved leave" as mentioned in LSA-R.S. 17:500.2. That statute provides in pertinent part:
 No city or parish school board shall deduct any amount whatsoever from the salary of a school bus operator when such operator is on approved leave unless a substitute school bus operator was employed and actually served during such school bus operator's leave, and only such amount may be deducted as was actually paid to the substitute.
LSA-R.S. 17:500 provides that all school bus operators shall receive ten days of absence per year without "loss of pay". In addition, LSA-R.S. 17:500.1 authorizes sick leave "without reduction in pay" for operators who are injured due to the physical assault and battery by a student. LSA-R.S.17:500.1's sick leave is in addition to that provided for in Section 500. These provisions are similar to those in LSA-R.S.17:1201 applying to teachers.
Further, it has been the opinion of this office that because the provisions of LSA-R.S. 17:500 through 17:500.2
dealing with school bus operator are substantially similar to those regarding teachers they should be analogized. See, Attorney General Opinion Number 85-108.
In interpreting LSA-R.S. 17:1201, this office has stated that LSA-R.S. 17:1202, which authorizes a deduction from a teacher's salary of amounts paid to a substitute teacher, applies only to that additional sick leave over and above the ten day minimum provided for in LSA-R.S. 17:1201A(1).
Applying this analysis to the statutes dealing with school bus operators, "on approved leave" must refer to that additional sick leave authorized by a school board which is over and above the ten days of minimum leave required by LSA-R.S. 17:500B. Thus, a city or parish school board may not deduct the salary of a substitute operator where the school bus operator is utilizing his or her minimum leave authorized by LSA-R.S. 17:500 or where he or she is on leave due to an injury under LSA-R.S. 17:500.1. It is the opinion of this writer that "on approved leave" refers only to that leave granted by a school board in addition to the statutorily granted leave mentioned above.
In response to your third question, it should be noted that LSA-R.S. 17:1206.1(B) does not apply to school bus operators. The applicable provision in cases of injury caused by the physical assault and battery by a student is LSA-R.S. 17:500.1. If a school bus operator is injured under circumstances not covered by LSA-R.S. 17:500.1, and all of his or her accumulated sick leave has been exhausted, the operator is not entitled to any additional compensation. The school board is authorized under LSA-R.S. 17:500 to provide for additional sick leave which, under LSA-R.S. 17:500.2, may be reduced by the amount actually paid to a substitute bus operator under LSA-R.S.17:500.2.
The same result should apply to teachers under LSA-R.S.17:1201 and 1202. This issue was specifically addressed by this office in Attorney General Opinion Number 90-354, in which we stated:
 (1) A teacher is granted ten days of annual sick leave with full pay, which the school board must honor without any deductions from salary for a substitute teacher or otherwise.
 (2) When all current or accumulated leave is exhausted, the teacher is entitled by statute to no further leave and no further compensation. When sick leave is exhausted, the teacher is considered to be absent without leave. It is a violation of La. Const., Art. VII, Sect. 14 (1974) to compensate an employee absent without leave for non-work, it is a prohibited donation of public funds.
 (3) However, when all current or accumulated leave is exhausted, the school board is empowered by statute to authorize additional sick leave. If the school board does not authorize extended leave under LSA-R.S. 17:1201A(2), the teacher has no right
 (3) to continued payment of salary. If the school board in its statutory discretion chooses to grant additional sick leave, that decision entitles the teacher to full compensation for the term of the additional sick leave.
 (4) Any additional sick leave granted by the school board is subject to a deduction for the cost of hiring a substitute teacher. This deduction is only pertinent to the sick leave authorized by the school board, but cannot be made from the ten days mandatory sick leave granted by Section 1201A(1).
*****
Lastly, you inquire about a school board employee who has unused accrued sick leave and resigns but then retires at age 60. Is the school board required to pay for this unused sick leave and, if so, when? It has consistently been the opinion of this office that the employee is entitled to receive payment of accrued unused sick leave in accordance with LSA-R.S. 17:1201B. Further, it has been and is the opinion of this office that this employee is not entitled to receive payment for this unused sick leave until he or she retires and begins drawing benefits. See, Attorney General Opinion Numbers 87-634 and 90-486A. LSA-R.S.17:425 concerning school board employees, is similar to LSA-R.S.17:1201B, dealing with teachers. They both provide for the payment of unused accrued sick leave upon retirement, or death prior to retirement. Thus, a school board employee is entitled to payment of accrued sick leave only upon his or her actual retirement.
In conclusion, it is the opinion of this office that Attorney General Opinion Number 90-188 remains in effect. That on approved leave as used in LSA-R.S. 17:500.2 refers to a leave of absence other than the minimum required leave provided for in LSA-R.S. 17:500B or where a teacher is on leave due to an injury under LSA-R.S. 17:500.1. Teachers and school bus operators who are absent because of illness, not falling under LSA-R.S.17:1201C and 17:500.1, and who have exhausted all accrued sick leave, are not entitled to continued compensation unless they are granted extended sick leave by the employing school board.
If they do receive extended sick leave benefits, these employees may have their salary reduced by the amount actually paid to substitutes in accordance with LSA-R.S. 17:1202 and17:500.2. Further, a school board employee who resigns with accrued sick leave and then retires at age 60 is entitled to receive payment for that unpaid leave at the time he or she retires and begins drawing benefits.
I hope that this sufficiently answers your inquiries. If you have any further questions, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0002u